UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION  5:15-CV-612-BO

| | |
|---|---|
| TIMOTHY DANEHY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **COMPLAINT** |
| | )<br>) |
| CCS COMMERCIAL LLC. | )<br>) |
| Defendant. | )<br>) **Jury Trial Requested** |

1. Plaintiff, Timothy Danehy sues Defendant, CCS COMMERCIAL LLC. and in support thereof respectfully alleges the following:

## PARTIES

2. Timothy Danehy, (hereafter referred to as "Plaintiff") is a natural person, a citizen residing in Vance County, North Carolina.

3. CCS COMMERCIAL LLC., (hereafter referred to as "Defendant"), is a foreign corporation registered in the state of North Carolina with its principle office at Two Wells Avenue Newton, MA 02459 that regularly conducts business in North Carolina.

1

## CAPACITY and STANDING

4. Plaintiff, as an individual with the legal capacity to sue, having been damaged, has standing because his right to privacy and other rights were and continue to be violated by Defendant and the relief sought will end and remedy these damages.

## JURISDICTION

5. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

## VENUE

6. The occurrences which give rise to this action occurred in Vance County, North Carolina and the Plaintiff resides in Vance County, North Carolina.

## CONDITIONS PRECEDENT

7. All conditions precedent to the bringing of this action have been either met or waived.

## STATEMENT OF CLAIM

8. This is an action and claim for damages and injunctive relief to remedy the repeated and ongoing breach of the General Public's rights and the Plaintiff's individual rights that resulted from numerous calls Defendant or an agent acting on

behalf of Defendant made without Plaintiff's consent, to Plaintiff's pre-paid cell phone in contravention of the Telephone Consumer Protection Act (hereafter referred to as "TCPA") 47 U.S.C. § 227 *et seq*.

## ALLEGATIOINS

9. Plaintiff alleges that without his consent he received at least 7 calls from Defendant's automatic telephone dialing capable system between August 6, 2015 and October 20, 2015. These calls were placed by Defendant or its agents on behalf of Defendant from the following number 603-957-4026 to Plaintiff's pre-paid cellular phone number 919-637-2447. Upon information and belief these calls were not placed for any emergency purpose. Each call that Plaintiff answered either hung- up or had a several second pause at the beginning of the call indicating the use of an automatic telephone dialing system.

10. Upon information and belief the calls Defendant made to Plaintiff's cell phone were made in an attempt to collect a debt owed by some other party. These calls were harassing and problematic to Plaintiff. Plaintiff works at night and many of these calls awoke Plaintiff from sound sleep. Plaintiff seeks relief to stop Defendant from causing further damage to Plaintiff and to compel Defendant to change its business practices to prevent future damage to other consumers in the general public.

## STATEMENT OF FACTS

11. Plaintiff is a consumer in possession of the prepaid cell phone that defendant called 7 times between August 6, 2015 and October 20, 2015.

12. Plaintiff pre-paid for a limited number of minutes and was assigned cell number 919-637-2447 by carrier.

13. Plaintiff is and was in sole possession of the pre-paid cell phone assigned number 919-637-2447 during the dates calls from Defendant were placed.

14. Upon information and belief Defendant or an agent acting on behalf of Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227a (1) to place calls to Plaintiff's cell phone.

15. Upon information and belief Defendant or an agent acting on behalf of Defendant used equipment to call Plaintiff's consumer cell phone number which has the capacity to store and automatically or predictively dial that number.

16. Upon information and belief Defendant or an agent acting on behalf of Defendant knowingly and or willfully used a system that had the capacity to be an "automatic telephone dialing system" to call Plaintiff's cell number 919-637-2447

17. Plaintiff had no "established business relationship" with Defendant as defined by 47 U.S.C. § 227a (2).

18. Upon information and belief Defendant or an agent acting on behalf of Defendant did not place any of the aforementioned calls for an emergency purpose.

19. The three calls received at 8:13pm on 8/24/15 all rang within approximately 20 seconds of each other.

20. Plaintiff answered the first call which abruptly hung up.

21. The phone immediately re-rang and Plaintiff tried to answer again but the automated equipment hung up.

22. The third time the phone rang Plaintiff answered and after a delay the caller came on stating her name and CCS, the company calling, and asked for a party unknown to Plaintiff.

23. The first two calls at 8:13pm on 8/24/15 rang within approximately 7 seconds of each other.

24. Plaintiff never gave Defendant express consent written or otherwise to call Plaintiff's pre-paid cell phone.

25. Plaintiff mailed his first notice of intent to sue letter to Defendant on September 26, 2015

5

## COUNT I

## ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.*, By DEFENDANT CCS COMMERCIAL LLC.

26. Plaintiff repeats and re-alleges paragraphs 1 through 26 above as if fully stated and set forth herein.

27. This is an action for the willful or knowing violation of the telephone consumer protection act, 47 U.S.C. § 227 *et seq*.

28. As stated above CCS COMMERCIAL LLC. or its agents placing of 7 non-emergency calls to Plaintiff's consumer cell phone number 919-637-2447 since August 6, 2015 using an automatic telephone dialing capable system as defined by 47 U.S.C. § 227 (a)(1)(A)(B) without Plaintiff's express consent was a violation of 47 U.S.C. § 227 (b)(1)(a)(iii).

29. The TCPA provides a private right of action as stated in 47 U.S. C. § 227(b)(3) A person or entity may, if otherwise permitted by the laws of court of a State, bring In an appropriate court of that State-

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

6

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

If the court finds that the defendant **willfully or knowingly** violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, Plaintiff prays and respectfully requests judgment for damages against Defendant, CCS COMMERCIAL LLC., pursuant to 47 U.S.C. § 227(b)(3)(A)(B)(C) in the amount of $500.00 for the first call and $1,500.00 per call for each and every successive call thereafter as knowing and willful violations of the TCPA. Plaintiff also requests post judgment interest, all costs to bring this action, and a decree for Injunctive Relief and any other relief the court deems just and right.

## JURY DEMAND

30. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

7

Respectfully Submitted,

November 20, 2015        by: _____

Timothy Danehy,
P.O. Box 301
Kittrell, NC 27544-0301
Tel 252-492-0194
timncood@gmail.com