TIMOTHY P. DANEHY,

    Plaintiff,

vs.

CCS COMMERCIAL, LLC,

    Defendant.

## ANSWER TO COMPLAINT

**NOW COMES** the defendant, by and through counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, as and for its Answer to the Complaint in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### FIRST DEFENSE AND ANSWER

Defendant responds to the specific allegations of the Complaint as follows:

1. It is admitted that plaintiff has initiated this law suit against Defendant. Except as admitted, the allegations contained in paragraph 1 of the Complaint are denied.

### PARTIES

2. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint and the same are therefore denied.

3. It is admitted that Defendant is a foreign corporation registered to do business in North Carolina and maintains a principal place of business as alleged in paragraph 3 of the

Complaint. The remaining allegations contained in paragraph 3 of the Complaint are denied.

## CAPACITY AND STANDING

4. The allegations contained in paragraph 4 of the Complaint are denied.

## JURISDICTION

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## VENUE

6. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and the same are therefore denied.

## CONDITIONS PRECEDENT

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## STATEMENT OF CLAIM

8. It is admitted that plaintiff seeks damages and alleges violations of the TCPA. It is denied that defendant has violated the TCPA or any other statute, federal or state. It is further denied that plaintiff is entitled to recover damages from defendant. All remaining allegations contained in paragraph 8 of the Complaint are denied.

## ALLEGATIONS

9. It is admitted plaintiff alleges that "without his consent he received at least 7 calls from Defendant's automatic telephone dialing capable system between August 6, 2015 and October 20, 2015." It is admitted that Defendant made calls to telephone number xxx-xxx-2247. It is admitted the calls were not made for an emergency purpose. Except as specifically admitted, the allegations contained in paragraph 9 of the Complaint are denied.

10. It is admitted the calls made to xxx-xxx-2247 were intended for a party other than plaintiff. All remaining allegations contained in paragraph 10 of the Complaint are denied.

## STATEMENT OF FACTS

11. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint and the same are therefore denied.

12. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint and the same are therefore denied.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint and the same are therefore denied.

14. The allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint and the same are therefore denied.

18. It is admitted that defendant did not place any calls to the referenced number for emergency purposes. All remaining allegations contained in paragraph 18 of the Complaint are denied.

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and the same are therefore denied.

25. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and the same are therefore denied.

**COUNT I**
**ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227** *et seq.*

26. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

27. It is admitted plaintiff seeks damages for a willful or knowing violation of the TCPA. It is denied that defendant violated the TCPA. Except as admitted, the allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 29 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 29 of the Complaint are denied.

30. It is admitted that plaintiff demands a jury trial. It is denied that there are issues triable by a jury. Except as admitted, the allegations contained in paragraph 30 of the Complaint are denied.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, the allegations of the complaint are conclusory in nature and do not meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure or as articulated by the Supreme Court. The plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-47 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**THIRD DEFENSE**

Any calls placed to xxx-xxx-2447 were placed manually and therefore did not violate the TCPA.

## FOURTH DEFENSE

Plaintiff was not the intended recipient of the calls.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendant.

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

**WHEREFORE,** the Defendant respectfully requests:

1. The Plaintiff have and recover nothing of the Defendant;
2. The Complaint be dismissed with prejudice; and
3. For such other and further relief as this Court deems necessary and appropriate.

This the 16th day of December, 2015.

/s/ Caren D. Enloe
Caren D. Enloe
Of SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
PO Box 26268
Raleigh NC 27611
Telephone: (919)250-2000
Telefacsimile: (919)250-2124
cenloe@smithdebnamlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served via first class mail, postage prepaid upon the following:

Timothy Danehy
PO Box 301
Kittrell NC 27544-0301

This the 16th day of December, 2015.

/s/ Caren D. Enloe
Caren D. Enloe
Of SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
PO Box 26268
Raleigh NC 27611
Telephone: (919)250-2000
Telefacsimile: (919)250-2124
cenloe@smithdebnamlaw.com

*Counsel for Defendant*